IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM CORCORAN and
VINCENT RIVERA,
    Plaintiffs,

vs.                                 CASE NO.: 5:10cv297/SPM/MD

WALTER MCNEIL, et al.,
    Defendants.

---

## **REPORT AND RECOMMENDATION**

This cause is before the court upon referral from the clerk. This case was transferred to this court on November 8, 2010. Because it was unclear who the intended plaintiffs were in this case, the court entered an order on November 23, 2010 directing the plaintiff or plaintiffs to file a single unified amended complaint and either individual motions to proceed *in forma pauperis* or the $350.00 filing fee. On December 6, 2010, plaintiff Vincent Rivera filed a notice of voluntary dismissal which was denied without prejudice because it was not clear whether he sought to have the entire case dismissed or only to be dismissed as a plaintiff in this action.[1] Neither Rivera nor Corcoran filed anything further, and on January 11, 2011, the court entered an order directing the plaintiffs to show

---

[1] The court may take judicial notice of its own records which reflect the fact that Vincent Rivera is a "three striker" who is no longer entitle to proceed *in forma pauperis* in this court.

cause why the case should not be dismissed for failure to prosecute or to comply with an order of the court. Plaintiffs have not responded.

Accordingly, it is respectfully RECOMMENDED:

That this case be dismissed without prejudice for plaintiffs failure to comply with an order of the court and failure to prosecute this action.

At Pensacola, Florida, this 26th day of January, 2011.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).